[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RECONSIDERATION ARTICULATION OF PRIOR DECISION (JANUARY 14, 1994) ON MOTION TO STRIKE CT Page 1795
In its January 14, 1994 decision granting a motion strike, the court found as follows:
In a breach of warranty action, the plaintiff may recover only after demonstrating that: (1) a warranty existed, (2) the defendant breached the warranty, and (3) that the breach was the proximate cause of the loss sustained. Blockhead, Inc. v. Plastic Forming Company, Inc., 402 F. Sup. 1017,1024. Connecticut General Statutes, Ann., Sec. 42a-2-314, Official Comment B. See also sections 42a-2-714 and 42a-2-715. It is the obligation of a first party plaintiff or third party plaintiff as to any cause of action to set forth facts constituting each of the necesary [necessary] elements of the cause of action in the complaint.
The court also previously found that "[t]he third party plaintiff has not sufficiently alleged facts indicating how the third party plaintiff acted to its loss. If the party plaintiff's real factual claim is that it applied what are now claimed to be inappropriate pesticides to the damaged home of the first party plaintiffs because of the third party defendant F.M.C.'s breach of warranty, it should plainly state that."
The court has now before it the motion for articulation and reconsideration.
The third party defendant properly points out that the prior decision references a portion of a pleading which has been superseded. However, after reconsidering its prior decision, the court finds the latest third party complaint leaves the third party plaintiff in no better legal position than the immediately preceding version.
In light of the amended paragraphs 7a-i and 8, the court's holding is still the same. In the April 23, 1993 amended third party complaint, there is still no sufficient allegation of acts as to how the third party plaintiff acted to its loss. Having reconsidered the matter, the court stands by its previous decision and this, together with the January 14, 1994 memorandum, contains the its decision. CT Page 1796
Flynn, J.